# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### CRIMINAL NO.  3:04CR33

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JEFFREY INMAN** | ) | |
| | ) | |

     **THIS MATTER** is before the Court on a handwritten pleading mailed to the attention of the law clerk for the undersigned.  The Court will direct the Clerk file the "brief."

     On April 28, 2005, the Court ordered that a letter written by the Defendant to his court-appointed counsel which contained a threat be filed of record in this case.  **Order, filed April 28, 2005.**  It was also ordered that the Defendant's sentencing hearing would be postponed pending the resolution of his motion, and that of his attorney, for substitution of counsel.  ***Id.***  After having reviewed that Order, the Defendant now states the following:

> The letter I mailed to Julia G. Mimms [his attorney] on April 21, 2005 was formulated to reveal what I know about the applicable cases, as well as obtain Julia G. Mimms, that letter was not a threat, it was to constructed to lure Julia G. Mimms into a position to file a motion to withdraw.  During Julia G. Mimms forced hand, she made a visible mistake with violating the attorney/client confidential privilege.  The letter was not a direct threat to Julia G. Mimms, nor an indirect. . . .  I did not contact the North Carolina State Bar about Julia G. Mimms issues with myself, I made that false statement to see if Julia G. Mimms was going to be spiteful, which I succeeded in doing.  I was not upset with Julia G. Mimms, my main concern was to establish a record revealing ineffective assistance of counsel . . . .
>
>        . . .
>
> I suggest that my case be put on the June 2005 term for the following reasons: 1) My Sixth Amendment right to "assistance of counsel" can be saved by permitting

Julia G. Mimms to be present during the sentencing hearing so I can utilize her knowledge of legal lingo and various rules of criminal procedure. 2) The problem lies before Julia G. Mimms was appointed to represent me in the last stages of these proceedings. . . . 3) It will also save the court valuable time by proceeding with the sentencing phase instead of inquiring about an issue that the Court of Appeals will handle. . . . 4) I am prepared to stand for sentencing. I suggest that Julia G. Mimms motion to withdraw be denied due to the 4 reasons I listed above. A written apology will be mailed to Julia G. Mimms when the submitted motion is denied. . . . Let the record show that I am against Julia G. Mimms motion to withdraw.

**Defendant's Brief on Pending Hearing, filed May 6, 2005.**

It is first noted that Ms. Mimms did not violate attorney-client privilege because it was the Court which ordered the filing of the letter which the Defendant sent to her. It is next noted that the Defendant has now admitted that he has not received ineffective assistance of counsel from Ms. Mimms and requests that she continue as his attorney.

Despite the Defendant's admissions that he has been attempting to manipulate his attorney and the judicial system, his allegations have raised issues which must be addressed at a hearing. As a result, the terms of the previous Order of April 28, 2005, remain in force.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall file the Defendant's "Brief on Pending Hearing" in the record and provide a copy to the Defendant's attorney.

**Signed: May 10, 2005**

Lacy H. Thornburg
United States District Judge